UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROBERT JAMES BLACKBURN, JR., ET AL. § § § | |
| v. § | CIVIL NO. 4:23-CV-540-SDJ |
| § | |
| SELECT PORTFOLIO SERVICING INC., ET AL. § § § | |

# **MEMORANDUM OPINION AND ORDER**

This case involves a dispute regarding a trustee sale. Although the case was originally filed in state court, Defendant Select Portfolio Servicing, Inc. ("SPS"), removed the action and asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. #1). In the removal notice, SPS alleges that Defendant Cole Patton as Substitute Trustee ("Patton"), although non-diverse, must be disregarded for purposes of determining whether diversity jurisdiction exists because Patton is "either a nominal party or has been improperly joined."[1] (Dkt. #1 at 3–6). SPS avers that once Patton's citizenship is disregarded, the Court has diversity jurisdiction over the remaining parties pursuant to 28 U.S.C. § 1332(a).[2]

---

[1] SPS alleges that Patton's citizenship is "currently unknown," but acknowledges that "upon information and belief his citizenship includes Texas for purposes of diversity of citizenship." (Dkt. #1 at 3).

[2] The Court agrees that SPS has pleaded that Plaintiffs Robert James Blackburn, Jr. and Kandy Blackburn (collectively, "the Blackburns")—citizens of Texas—are diverse from SPS—a citizen of Utah, given it is a corporation incorporated in Utah with its principal place of business in Salt Lake City, Utah. (Dkt. #1 at 2–3). SPS has also sufficiently alleged that the amount in controversy exceed $75,000. (Dkt. #1 at 6–7). As between the Blackburns and SPS, Section 1332(a) is satisfied.

1

Upon review of the notice of removal and governing precedent,[3] the Court concludes that a trustee named in a foreclosure suit with no additional claims pending against him is a nominal party whose presence does not affect diversity jurisdiction. Accordingly, because the Court finds that Patton is such a nominal party, the Court disregards his citizenship and exercises its diversity jurisdiction over the case.

I. BACKGROUND

**A. Procedural History**

On June 5, 2023, the Blackburns initiated this lawsuit in the 471st Judicial District Court of Collin County, Texas, seeking an injunction precluding or delaying SPS and Patton from conducting a trustee sale of their property located at 8010 County Road 669, Blue Ridge, Texas 75424 ("Property"). (Dkt. #1-4). While Patton is named as a party to the suit, there is no separate claim against Patton, other than the single cause of action seeking injunctive relief. *See* (Dkt. #1-4).

The trustee sale was scheduled for June 6, 2023. (Dkt. #1-4 ¶ 4). But before that sale could proceed, the Collin County state court issued a TRO temporarily blocking the trustee sale and setting an expedited hearing on whether to extend the TRO beyond fourteen days. (Dkt. #1-5). One week before that hearing, SPS removed this case to federal court. (Dkt. #1).

---

[3] The Court ordered the Blackburns to file a brief, by no later than June 30, 2023, advising the Court whether they agree that (i) Patton's citizenship should be disregarded under controlling precedent, and (ii) the Court has jurisdiction over this case. (Dkt. #4). The Blackburns have not responded to the Court's order.

## B. The Dispute

The Blackburns purchased the Property on March 3, 2000, secured by a mortgage and a deed of trust. (Dkt. #1-4 ¶ 3). The deed was subsequently assigned to SPS. (Dkt. #1-4 ¶ 3). The Blackburns defaulted on the installment payments on the Property and attempted to reinstate their mortgage with SPS, but have been unsuccessful in obtaining such reinstatement prior to the trustee sale date. (Dkt. #1-4 ¶ 3).

Currently pending in Collin County state court is a separate suit for damages relating to the Property under the Blackburns' insurance policy. (Dkt. #1-4 ¶ 3). The Blackburns seek to delay the trustee sale of the Property during the pendency of the related insurance dispute pending in Collin County state court. (Dkt. #1-4 ¶¶ 4–5).

## II. LEGAL STANDARD

The "starting point" for analyzing claims of improper joinder is the federal removal statute. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). That statute permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). It further provides that suits "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, proper joinder must be established for a federal district court to exercise jurisdiction over a removed action.

The Fifth Circuit has recognized that if a party establishes improper joinder, "the court may disregard the citizenship of that [improperly joined] defendant,

dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Advanced Indicator & Manufacturing, Inc. v. Acadia Insurance Co.*, 50 F.4th 473 (5th Cir. 2022) (per curiam) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[4] *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

For the latter option, a defendant must show, under a Rule 12(b)(6)-type analysis, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Advanced Indicator*, 50 F.4th at 473 (quoting *Travis*, 326 F.3d at 646–47). Importantly, the court must determine "the plaintiff's possibility of recovery against that defendant *at the time of removal*." *Id.* (quoting *Flagg*, 819 F.3d at 137) (emphasis in original).

"The burden of demonstrating [improper] joinder is a heavy one." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). In deciding whether a non-diverse party was improperly joined, federal courts must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc.*

---

[4] The Fifth Circuit has instructed that, "[t]o establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cnty. Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Thus, this inquiry is the same as the improper joinder analysis. *See, e.g.*, *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011).

*& Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). This is because the practical effect of removal is "to deprive the state court of an action properly before it" raising "significant federalism concerns." *Id.* (quotations omitted). Given these concerns, "[t]he removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82. Thus, "the existence of even a single valid cause of action against a [non-diverse defendant] (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### III. DISCUSSION

Patton is a nominal party who must be disregarded for purposes of determining diversity jurisdiction. Under Texas law, "a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure." *See Eisenberg*, 2011 WL 2636135, at *4. This is evident from the plain text of Texas Property Code § 51.007(e), which states that dismissal of the trustee "shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale," thus making such trustee's presence in the suit nonconsequential. TEX. PROP. CODE § 51.007(e). *See also Gregory v. S. Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. App.—San Antonio 1919, writ dism'd w.o.j.) (finding substitute trustee was "only a nominal party" in foreclosure action); *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701, 2013 WL 2896883 at *3 (explaining that in a foreclosure action, a trustee is an improperly joined defendant when the trustee is named solely in their capacity as trustee to enjoin a foreclosure

5

and no separate, valid cause of action exists against the trustee). *But see Sanchez v. Bank of Am., N.A.*, No. SA-13-CA-87, 2013 U.S. Dist. LEXIS 184303, at *6–7 (W.D. Tex. 2013) (finding trustee was not a nominal party in wrongful foreclosure action where plaintiff raised a cognizable, separate negligence claim against the trustee).

Here, Patton's citizenship must be disregarded for diversity jurisdiction purposes because the Blackburns have not brought a separate, plausible claim against Patton—aside from seeking injunctive relief to halt the trustee sale. Indeed, the Blackburns' state court complaint alleges no specific misconduct committed by Patton, nor does it allege that Patton is either the mortgagee or the loan servicer. *See* (Dkt. #1-4). Rather, it merely states that Patton is the substitute trustee in the trustee action. *See* (Dkt. #1-4 ¶¶ 3–4). Because Patton is named solely in his capacity as substitute trustee in this action to enjoin a trustee sale, he is a nominal party— also known as an improperly joined defendant—whose citizenship must be disregarded for diversity jurisdiction purposes.

## IV. CONCLUSION

Accordingly, the Court will disregard Patton's citizenship for purposes of determining subject matter jurisdiction and exercise diversity jurisdiction over the case. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 872 (5th Cir. 1991) (holding that the district court was "correct in deeming the nonremoving defendants

6

nominal parties and allowing the case to proceed without their joinder in the removal petition"); *Cantor v. Wachovia Mortg. FSB*, 641 F.Supp.2d 602, 612 (N.D. Tex. 2009) (disregarding citizenship of trustee after finding that trustee was improperly joined). The Court will entertain a motion to dismiss Patton when such motion is filed.

**So ORDERED and SIGNED this 2nd day of August, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE